```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


NORBERTO ANDRADE,               )
          Plaintiff,            )
                                )
     v.                         )    C.A. No.   02-10613-DPW
                                )
MICHAEL T. MALONEY, ET AL.,     )
          Defendants.           )
```

                       MEMORANDUM AND ORDER
                          July 30, 2012

WOODLOCK, D.J.

I.    INTRODUCTION

     On July 2, 2003, I issued a Memorandum and Order (Docket No. 4) granting plaintiff Noberto Andrade's ("Andrade") Motion for Leave to Proceed *in forma pauperis*, and assessing his filing fee obligations in accordance with the Prison Litigation Reform Act ("PLRA").[1]  *See* 28 U.S.C. § 1915(b).

     Thereafter, on August 16, 2006, I granted the defendants' Motion for Summary Judgment on the grounds that Andrade had not exhausted his administrative remedies.  *See* Memorandum and Order (Docket No. 53).  On March 28, 2008, the United States Court of Appeals for the First Circuit ("First Circuit") entered Judgment summarily affirming the grant of summary judgment.  *See* First Circuit Judgment (Docket No. 65); *Andrade v. Maloney, et al.*, No. 06-2441 (1st Cir. 2008).

---

[1] Andrade was assessed $1.51 initial partial filing fee, with the balance of $148.49 to be paid in installments until the full statutory filing fee of $150.00 was paid.

More than three years later, on May 13, 2011, Andrade filed a Motion to Waive the Rest of Filing Fees (Docket No. 67). In support of the motion, Andrade asserted that he was indigent and had no more funds to pay to the court and still have money to purchase the essentials such as clothing, food, and cosmetics.

On October 6, 2011, I issued a Memorandum and Order (Docket No. 68) denying Andrade's motion, finding that he failed to provide a financial affidavit demonstrating that he indeed lacked sufficient funds, and that he failed to provide any evidence that he would be unable to obtain the basic necessities of life from the prison or through funds from outside sources. As an additional matter, I noted that by enacting the PLRA, Congress left the courts little discretion in this area. Further, I noted that even if I were to grant Andrade's motion, he would still be obligated to pay the $455.00 appellate filing fee, as I did not have authority to grant a waiver of an appellate fee. In light of this, any grant of the relief sought would not make a substantive difference, because funds would still be withdrawn from Andrade's account to satisfy his appellate fee obligations.

Finally, I noted that, for some unknown reason, this Court's Accounting Office did not follow standard procedures

for crediting prisoner filing fee payments.[2]  I directed that
should Andrade wish to have the Court's Accounting Department
adjust his records to credit the payments he made in Civil
Action No. 07-11078-DPW to this action, with any overage
credited next to the appellate action, he had to file a motion
seeking such relief within 21 days of the date of the
Memorandum and Order.

In response, on October 27, 2011, Andrade filed a Motion
for the Accounting Department to Adjust Plaintiff's Records
(Docket No. 69).  The next day, Andrade filed a Memorandum and
Order Response (Docket No. 70), in which he requested that I
grant a waiver of any and all fees for "anything filed" in this
Court.  Id. at 1.  In that document, Andrade claimed to be
destitute and illiterate (requiring assistance of a co-inmate,
Richard Barbosa).  In support, Andrade submitted his prison
account statement showing that he has a negative balance in his
account, and has been without funds for over 60 days.[3]
Further, Andrade claims that he is in segregation, and as a

---

[2]Under standard procedures, the Accounting Office would credit any monies received from Andrade's prison account first to this civil action (carrying a $150.00 filing fee), second, to the appellate action (carrying a $455.00 filing fee), and third, to the 2007 civil action (07-cv-11078-DPW)(carrying a $350.00 filing fee).

[3]Under the Massachusetts Department of Correction standards, an indigent inmate is defined as one who had less than $10.00 in his account for the previous sixty (60) days.

result, canteen purchases are necessary for survival; without a waiver, he will suffer a true hardship. Andrade does not identify specific items of which he would be deprived. He indicates that he receives no funds except from outside sources (family) to purchase necessary hygiene products.

II. DISCUSSION

Although I credit Andrade's efforts to comply with my directives, and I credit his statements that he is indigent, I cannot find that he has demonstrated sufficiently any basis to waive the rest of his filing fee obligations in the District Court (*i.e.*, for this action and 07-c-11078-DPW) based on his assertion of hardship. As I indicated in my prior Memorandum and Order, case law makes clear that a prisoner's filing fee obligations are due when the complaint is filed, and a dismissal or adverse ruling against a prisoner is not sufficient grounds to waive the filing fee. Moreover, as a matter of public policy, the filing fee is a means to defray the Court's expenditure of substantial public resources in reviewing and preparing Orders, and a prisoner such as Andrade should not be relieved of an improvident filing because he would rather use his funds in some other manner.

Next, with respect to Andrade's claim of dire hardship should he be required to pay his filing fee obligations, I cannot find his argument persuasive. Of significance to the

consideration is that after payment of the initial partial filing fee, the prison may only withdraw funds to make payments from Andrade's account in an amount assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10.00. Thus, unless Andrade has at least $10.00 in his account in a given month, he would not be making <u>any</u> payments to the appellate or district courts. I further note that Andrade has not averred that he no longer expects to receive funds from outside sources, such as friends or relatives, to purchase necessary items.

In any event, Andrade has not shown sufficiently that he would be deprived the basic necessities of life if he had to pay his filing fee obligations, because it appears that both the Massachusetts Department of Correction ("DOC") regulations and the Code of Massachusetts Regulations require the DOC to provide such basic necessities to an indigent inmate. Specifically, these regulations provide for the prison to ensure that personal hygiene items, clothing, towels, bedding, and adequate food are provided to each inmate.[4]

---

[4] *See* 103 DOC § 750.11 (indigent inmates may request hygiene articles, other than toilet tissue and bar soap, through a staff person designated by the superintendent; 103 Code Mass. Regs. § 423.09 (providing, in part, that, with respect to conditions of confinement for inmates housed in special management units, "[i]nmates shall have the opportunity to shave and shower at least three times per week. Additionally, all inmates shall be issued an allowed exchange of clothing, bedding, and linen, and

In light of all of the above, and for the reasons previously set forth in the Memorandum and Order (Docket No. 68), I will <u>DENY</u> Andrade's request for a waiver of all filing fees imposed by the District Court; however, I will <u>GRANT</u> Andrade's request to adjust his accounting records in this Court.

III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for the Accounting Department to Adjust Plaintiff's Records (Docket No. 69) is <u>ALLOWED</u> as set forth herein;

2. All funds previously credited to plaintiff by the District

---

provided laundry, barbering, and hair care services on the same basis as general population"); 105 Code Mass. Regs. § 451.110 (providing, in part, that, "[a]t any toilet and/or handwash sink intended for use by staff, and at all toilets and/or handwash sinks outside of an inmate's sleeping area, there shall be at all times at each toilet, toilet paper, and at all handwash sinks, soap and disposable towels"); 105 Code Mass. Regs. § 451.111 (providing that "[e]ach inmate shall be provided with toilet paper and soap necessary to maintain proper personal hygiene at all times"). *See also* 103 DOC § 755.03 (providing for the superintendent to develop written procedures to ensure that suitable clothing to all inmates to preserve health and comfort at all time of the year is provided); 103 DOC § 755.05 (providing for the superintendent to develop written procedures to ensure that the inmates having clean bedding and linens); 103 DOC § 755.06 (providing for the superintendent to develop written procedures to ensure that the inmates have clean clothing, linens, towels, blankets); and 103 DOC § 760.02 (providing that the superintendent is responsible for assuring that the food service policy (*i.e.*, that all inmates have nutritionally adequate meals of appropriate quantity and quality) is implemented and in compliance with 103 Code Mass. Regs. § 761 and 105 Code Mass. Regs. § 590.

Court Clerk's Accounting Department shall be adjusted to reflect full payment of the $150.00 filing fee in this action, with the balance to be credited next to plaintiff's filing fee obligations arising out of his appeal of this action, (*i.e.* No. 06-2441 (1st Cir)); if there are any funds remaining after adjusting the credit, the balance of the funds then shall be credited toward plaintiff's filing fee obligations in Civil Action No. 07-11078-DPW;

3. Plaintiff's request for a waiver of all District Court filing fee obligations (contained in his Memorandum and Order Response (Docket No. 70) is <u>DENIED</u>; and

4. The Clerk shall enter on CM/ECF this Order in this action as well as in C.A. 07-11078-DPW and shall transmit a copy of this Order to the First Circuit and to the District Clerk's Office Accounting Department.

SO ORDERED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE